LIPSTRAW CO v SEUFERT, et

Ohio Appeals, 6th Dist, Ottawa Co

No 127. Decided April 7, 1930

Stahl, Stahl & Stahl, Fremont, and N. C. Rosenstreter for Lipstraw Co.

Graves & Duff, Port Clinton, for Seufert, et.

RICHARDS, J.

It has long been a settled rule of law that a promise to do a thing which the promissor is by a subsisting contract bound to do is not a sufficient consideration to support a promise made to the person upon whom the liability rests to induce him to perform what he is already bound to do. This plain and simple rule of law has long obtained, as appears in the text books and innumerable decisions. In no place is it stated with more directness than in **Shannon vs. Mortgage Co., 116 Ohio St., 609,** where it is held that a promise to pay a debt for which the promissor is already bound, does not constitute a consideration sufficient to support a new contract.

This well-recognized principle of law, however, must be taken in connection with another well-established principle, that if a new consideration exists, then the promise so made is valid and binding. Among the authorities quoted with approval by Day, J., in the case just cited is 6 R. C. L., 664, par. 73. in which the following language occurs:

"Where a legal obligation exists, a cumulative promise to perform it, **unless upon a new consideration,** is a nullity."

In order to determine whether a new consideration is averred in the second amended petition, we must advert to its language, which must be construed liberally in favor of the pleader. It appears from those averments that the defendants were already indebted to the plaintiff in the amount of $359.32 for coal, and desired to purchase additional coal on credit. Under the averments the plaintiff would be entitled to prove that while he had coal for sale and was desirous of selling same, he was unwilling to sell more coal to the defendants on credit and informed them of that fact, and that he would not sell them more coal on credit unless the defendants would uncoditionally assure him that they would pay the amount then due within six months, and that if they would do so the plaintiff would extend the time of payment on the overdue account for said period of six months. The plaintiff would have the right to require that such payment and extension of time be a provision of the new contract to sell additional coal to the defendants on credit. The plaintiff would gain thereby the benefit derived by him in disposing of the coal and the defendants would secure on credit the coal which they desired. The general rule of law is that if there be any benefit to the creditor, it will be a consideration to support the agreement, and even though a slight benefit to the one or disadvantage to the other, it will be sufficient in law. The transaction involved more than a mere cumulative promise to pay an already overdue indebtedness. It involved the agreement of one party to sell and an agreement of the other to buy coal, conditioned upon the payment of the accrued indebtedness, and this formed a separate and distinct consideration, and the contract, if proved, would be upon a valid and sufficient consideration.

For the reasons given the pleading stated a good cause of action and the judgment must be reversed and the cause remanded for a new trial.

Williams and Lloyd, JJ., concur.